IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TIMOTHY CALLIHAN, THOMAS
DENT, MARCUS DRAKE, JOHN
JACKSON, GLORIA HALL, JAN
DRAKE ROBINSON,
THELMA BARNETT-GUINN, DORIS
SATTERFIELD, and WONETTA ROSE,

   Plaintiffs,

v.            Case No. __2:17-cv-04386__

SURNAIK HOLDINGS OF WV, LLC, a
West Virginia limited liability company, Removed from the Circuit Court of
SIRNAIK, LLC, a West Virginia limited Wood County, West Virginia
liability company, POLYMER ALLIANCE Civil Action No. 17-C-364
SERVICES, LLC, a West Virginia limited
liability company, GREEN
SUSTAINABLE SOLUTIONS LLC, a
West Virginia limited liability company,
INTERCONTINENTAL EXPORT
IMPORT, INC., a Maryland corporation,
JOHN DOES 1-25, and
JOHN DOE CORPORATIONS 26-50,

   Defendants.

## NOTICE OF REMOVAL

   Pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453, Defendants hereby remove the above-referenced civil action from the Circuit Court of Wood County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division, for further proceedings, reserving any and all defenses and exceptions.  As grounds for removal, Defendants state as follows:

   1.  On or about October 23, 2017, Plaintiffs initiated this case on behalf of themselves and a proposed class by filing a class action complaint against the Defendants in the Circuit Court

for Wood County, West Virginia. A first amended class action complaint was filed on October 31, 2017. A second amended class action complaint was filed without leave of court on November 6, 2017.

2. The operative complaint for purposes of removal in this case is the first amended complaint, because the second amended complaint was filed in state court without leave, which was required by the West Virginia Rules of Civil Procedure. Regardless, however, this Court's subject matter jurisdiction would exist over any of the complaints filed by the plaintiffs in this case for substantially the same reasons as set forth here.

3. The Circuit Court of Wood County is within the United States District Court for the Southern District of West Virginia, Charleston Division, and venue is proper.

4. Copies of the docket sheet, and all process, pleadings, and orders filed or served upon the Defendant are attached and incorporated by reference as Exhibits A (docket sheet) and Exhibit B (process, pleadings, and orders).

5. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b), 1453(b). This Notice of Removal has been filed in this court within thirty days of the date on which the Defendants were served.

6. This court has jurisdiction of this case under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"). Removal to this court and jurisdiction in this court are proper because:

   a. The first amended complaint alleges that the plaintiffs and proposed class members are residents of West Virginia. See First Am. Compl. ¶ 67. The first amended complaint alleges that some Defendants are citizens or residents of states other than West Virginia. See id. ¶¶ 10-30. The second amended

     complaint alleges proposed class members from Ohio and West Virginia. Second Am. Compl. ¶ 70.

b. The first amended complaint alleges that the proposed class includes "tens of thousands" of persons and businesses. First Am. Compl. ¶ 72. So does the Second Amended Complaint, ¶ 75.

c. As defined by CAFA, the amount in controversy exceeds the sum of $5 million, exclusive of interest and costs, based on the complaint's allegations of the size of the proposed class, and the fact that its members seek, among significant other relief, compensatory, special, and punitive damages, medical monitoring costs, and attorney's fees and litigation costs. The plaintiffs allege that there are classes of individuals who have been significantly exposed to chemical releases from the fire, including inhalation, ingestion, and/or dermal absorption, and whose property has been contaminated and destroyed. *See, e.g.*, First Am. Compl. ¶ 65. The plaintiffs seek certification of (1) a medical monitoring class consisting of all West Virginia residents who were exposed to releases from the fire; (2) a personal injury class consisting of any Ohio or West Virginia resident who was exposed to releases from the fire; (3) a property damage class consisting of any Ohio or West Virginia landowner whose real or personal property was contaminated by the fire; and (4) a business class consisting of all Ohio and West Virginia businesses that sustained a loss as a result of the fire. *Id.* ¶ 67. The plaintiffs allege that the classes include "tens of thousands" or persons and businesses. *Id.* ¶ 72. They allege the class members themselves, as well as their real and personal property, continue to be exposed to an

overwhelming amount of chemical smoke, odors, gases and/or fumes, particulate matter, and other harmful "fallout material" resulting from the fire. *Id*. ¶ 89. Plaintiffs allege that the fire has caused reduction in the value of their real property, and that the resulting exposure continues to make them and class members physically ill and otherwise physically harmed, in addition to associated emotional and mental stress, including the fear of a significantly increased risk of developing cancer and other fatal diseases. *Id*. ¶ 61. Assuming a class of only 20,000 class members, $250 per class member would satisfy the jurisdictional amount. The plaintiffs have alleged that "tens of thousands" of class members will require medical monitoring in the form of "medical and diagnostic testing" capable of detecting the "latent illness(es) or disease(s) to which Plaintiffs and other Class Members have been exposed." *Id*. ¶¶ 83-84. The medical monitoring allegations, standing alone, plainly exceed $5,000,000. *See Gayvont v. Davol*, No. MDL 07-1842ML, 2008 WL 2433258 (D.R.I. Feb. 26, 2008) (medical monitoring class of 600 West Virginia residents satisfied CAFA amount-in-controversy requirement). The Second Amended Complaint contains essentially identical allegations.

7. Written notice has been properly served this date to Plaintiffs' attorneys of record.

8. A copy of this Notice of Removal is being filed with the clerk of court in Case No. 17-C-364 in the Circuit Court of Wood County, West Virginia.

9. This Notice of Removal is filed subject to and without waiver of any defenses or objections to any of the complaints that the Defendants may have.

Defendants hereby request that this Notice of Removal be deemed sufficient and that this matter be removed to this court.

**DEFENDANTS,**

**BY COUNSEL:**

Respectfully submitted,

/s/ Michael B. Hissam
Michael B. Hissam (WVSB #11526)
Ryan M. Donovan (WVSB #11660)
Isaac R. Forman (WVSB #11668)
J. Zak Ritchie (WVSB #11705)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
T: 304-345-6555
F: 304-342-1110
mhissam@baileyglasser.com
rdonovan@baileyglasser.com
irforman@baileyglasser.com
zritchie@baileyglasser.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of November, I served via facsimile transmission and regular United States mail postage prepaid the "*Notice of Removal*" on the individuals listed below. I also filed the pleading with the Clerk of the Court using the CM/ECF system, which may send notification of such filing to any of the following if they are CM/ECF participants:

| | |
|---|---|
| David A. Sims | Kathy A. Brown |
| LAW OFFICES OF DAVID A. SIMS, PLLC | Timothy D. Houston |
| Post Office Box 5349 | BROWN / HOUSTON PLLC |
| Vienna, West Virginia 26105-5349 | Post Office Box 631 |
| | Charleston, West Virginia 25322 |

      /s/ Michael B. Hissam
      Michael B. Hissam (WVSB #11526)