**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**TIMOTHY CALLIHAN, et al.,**

**Plaintiffs,**

**v.** **CIVIL ACTION NO. 2:17-cv-04386**

**SURNAIK HOLDINGS OF WV, LLC, et al.,**

**Defendants.**

# PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR ENTRY OF A LONE PINE ORDER

## I. Introduction

The relief requested in Defendants' joint motion for entry of a *Lone Pine* case management order (ECF No. 52) is, by any measure, considerable. As detailed in the Defendants' proposed "Lone Pine Order" (ECF No. 52-1), Defendants would have the Plaintiffs present expert reports from toxicologists, epidemiologists, fate and transport specialists, economists, environmental experts, real estate appraisers, and any number of medical experts in a condensed time period. *See* ECF No. 52-1 at pp. 2-3.[1] This, despite the

[1] And make no mistake, that is exactly what Defendants are requesting; and any perceived "shortcoming" will be met with a dispositive motion to dispatch Plaintiffs' claims with prejudice. *See* ECF No. 52-1 at pp. 2-3, Paragraph 1(e) (requesting "an affidavit from a treating physician or other expert supporting the injury or illness alleged and that the injury or illness was caused by the Plaintiff's exposure."); Paragraph 2(d) (requesting "an affidavit from a treating physician or other expert supporting the need for medical monitoring, including that the Plaintiff is at a significantly increased risk of developing a serious latent illness/disease as a result of his or her exposure, that there is a medical monitoring protocol that would allow for early detection of such disease, and the expense(s) associated with such medical monitoring protocol."); Paragraph 3(c)-(d) (requesting "data or other evidence supporting the deposition of 'fallout material' or other substances on such property(ies) . . . [and] an affidavit from a real estate or other expert supporting the damages alleged and that such damages were caused by the Ames Plant fire and/or alleged resulting release."); Paragraph 4(d) (requesting "an affidavit from an economist or other expert supporting the damages alleged and that such damages were caused by the Ames Plant fire and/or alleged resulting release."); Paragraph 5 (requesting "an affidavit from a fate-and-transport or other environmental expert supporting the allegation that 'fallout

fact that Defendants have not answered Plaintiffs' Third Amended Class Action Complaint; the Court has not ruled on Defendants' pending motions to dismiss; absolutely no discovery has been exchanged between the parties; and, per the Court's August 10, 2018 Scheduling Order, Plaintiffs' experts are not even due for another 5 months and 14 days.

First and foremost, "[n]o federal rule or statute requires, or even explicitly authorizes, the entry of *Lone Pine* orders." *Hagy v. Equitable Prod. Co.*, No. 2:10-cv-01372, at *6 (S.D. W. Va. March 5, 2012) (Goodwin, C.J.) In the two cases in the Southern District of West Virginia where *Lone Pine* orders have been requested (cases significantly more complex and developed factually and procedurally than this),[2] the Court twice declined to enter such an order, instead directing the parties to exhaust the discovery devices provided by the Federal Rules of Civil Procedure. This case should be no different.

## II. <u>Argument</u>

"The propriety of entering a *Lone Pine* order appears to hinge on a number of factors, including (1) the posture of the action, (2) the peculiar management needs presented, (3) external agency decisions impacting the merits of the case, (4) the availability and use of other procedures explicitly sanctioned by federal rule or statute, and (5) the type of injury alleged by plaintiffs and its cause." *In re Digitek*, 264 F.R.D. at 256. Not one of the *Lone Pine* factors is satisfied in this case.

### 1. Entry of a *Lone Pine* order at this stage is improper.

#### A. The Court has not ruled on Defendants' Rule 12(b)(6) Motions to Dismiss.

material' or other substances allegedly released as a result of the October 21, 2017 Ames Plant fire migrated throughout Wood County, West Virginia and Washington County, Ohio.").

[2] *See Hagy v. Equitable Prod. Co.*, No. 2:10-cv-01372 (S.D. W. Va. March 5, 2012) (Goodwin, C.J.); *see also In re Digitek Prod. Liab. Lit.*, 264 F.R.D. 249 (S.D. W. Va. 2010) (Goodwin, C.J.).

From a practicality standpoint, Defendants' Joint Motion for Entry of a Lone Pine Order and supporting memorandum of law (ECF Nos. 52 & 53) puts the cart well before the horse - it demands a detailed factual proffer even before the Court has ruled on the legal sufficiency of the claims in Plaintiffs' Third Amended Class Action Complaint.[3] The Eleventh Circuit Court of Appeals recently addressed this exact type of procedural problem, concluding that "[a]s a general matter, we do not think that it is legally appropriate . . . for a district court to issue a *Lone Pine* order requiring factual support for the plaintiffs' claims before it has determined that those claims survive a motion to dismiss under *Twombly*." *Adinolfe v. United Technologies Corp.*, 768 F.3d 1161, 1168 (11th Cir. 2014). The same rationale should apply here. Until the legal sufficiency of Plaintiffs' Third Amended Class Action Complaint has been addressed by the Court, consideration of a *Lone Pine* case management order should be rejected as premature.

**B. Entry of a *Lone Pine* order is premature because no discovery has taken place.**

This case is still developing factually. Only a small percentage of the parties have made their Rule 26(a)(1) Initial Disclosures, and not a single discovery request or document has been exchanged or deposition taken. As a general proposition, "courts have been reluctant to grant *Lone Pine* motions before any meaningful discovery has been conducted." *Marquez v. BNSF Railway Company*, Civil Action No. 17-cv-01153, at *4 (D. Colo. Aug. 8, 2017).[4] Instead, "*Lone Pine* orders are often invoked *after* discovery has occurred for many

[3] All remaining Defendants have moved to dismiss. *See* ECF Nos. 60, 61, 62, 63, 65 & 66 (all filed Aug. 15, 2018).

[4] *See Adkisson v. Jacobs Eng'g Grp., Inc.*, 2016 WL 4079531, at *4 (E.D. Tenn. July 29, 2016) (finding "*Lone Pine* orders are disfavored in the early stages of the proceedings where no meaningful discovery has taken place."); *Roth v. Cabot Oil & Gas Corp.*, 287 F.R.D 293, 298-99 (M.D. Pa. 2012) (finding *Lone Pine* order improper given early procedural posture of case and no showing procedures available in the Federal Rules of Civil Procedure were inadequate for the case); *Strudley v. Antero Res. Corp.*, 2013 WL 3427901, at *6 (Colo. Ct. App. July 3, 2013)

months and the plaintiffs still fail to produce substantial evidence." *Russell v. Chesapeake Appalachia, L.L.C.*, No. 4:14-cv-000148, at *14 (M.D. Pa. 2015.) Where, as here, "there has been no meaningful discovery and the Plaintiffs have not had time to gather all of their evidence," entry of a *Lone Pine* order is procedurally inappropriate. *Manning v. Arch Wood Prot., Inc.*, 40 F. Supp. 3d 861, 864 (E.D. Ky. 2014).[5] Because discovery has not yet commenced, entry of a *Lone Pine* order should be denied as premature.

**2. There are no peculiar case management needs that would warrant a *Lone Pine* order.**

"[C]ourts have also noted the extraordinary nature of *Lone Pine* orders and have generally refused to issue them except in litigation with complex and unique discovery issues." *Marquez*, No. 17-cv-01153, at *3. The Court recently held a telephonic status conference prior to entering a Scheduling Order; at no point did the Defendants suggest the need for any complex case management devices, such as a *Lone Pine* order or plaintiff fact sheets, because this litigation does not involve inherently complex or difficult case management needs. A comprehensive Scheduling Order is already in place and includes deadlines for class certification expert witnesses as well as liability, causation, and damages expert witnesses. *See* Scheduling Order (ECF No. 57, Aug. 10, 2018)

(finding abuse of discretion to grant *Lone Pine* order before any discovery was conducted); *Simeone v. Girard City Bd. of Educ.*, 171 Ohio App. 3d 633, 872 N.E.2d 344, 351 (2007) (holding "issuance of [a] *Lone Pine* order at the stage in the proceedings when there had yet to be any meaningful discovery, followed by the dismissal of the case with prejudice for failure to comply with the order, was an abuse of discretion.").

[5] To find otherwise would effectively "[r]equir[e] Plaintiffs to prove their *prima facie* case with the specific evidence the Defendants request . . . [and] impos[e] a summary judgment standard on the Plaintiffs without the benefit of discovery" should they come up short. *Russell*, No. 4:14-cv-000148, at *14.

While the Defendants' Joint Motion anecdotally casts doubt on the viability of Plaintiffs' claims and the evidence supporting Plaintiffs' allegations, "they have not made any substantive proffers shedding doubt on the Plaintiffs' claims." *Russell*, No. 4:14-cv-000148, at *14-15. *See McManaway v. KBR, Inc.*, 265 F.R.D. 384, 388 (S.D. Ind. 2009) (finding "[a] *Lone Pine* order should issue only in an exceptional case and after the defendant has made a clear showing of significant evidence calling into question the plaintiffs' ability to bring forward necessary medical causation and other scientific information.") The second factor weighs against entry of a *Lone Pine* order.

**3. Defendants have not identified any external agency decisions impacting the merits of the case.**

"In some toxic tort cases, independent agencies have released information that can act as proof of general causation, or conversely, as evidence against it." *Marques*, No. 17-cv-01153-CMA-MEH, at *7. Nowhere in their Joint Motion or supporting memorandum of law, however, do the Defendants reference any state or federal agency decision undermining the merits of Plaintiffs' case that would support entry of a *Lone Pine* order. *See Manning*, 40 F. Supp. 3d at 867. The third factor weighs against entry of a *Lone Pine* order.

**4. The availability of traditional discovery mechanisms weighs against entry of a *Lone Pine* order.**

"Resorting to crafting and applying a *Lone Pine* order should **only** occur where existing procedural devices explicitly at the disposal of the parties by statute and federal rule have been exhausted or where they cannot accommodate unique issues of this litigation." *In re Digitek*, 264 F.R.D. at 259 (emphasis added). Nowhere in their Joint Motion or supporting memorandum have Defendants suggested, let alone demonstrated, that existing procedural

devices provided by the Federal Rules of Civil Procedure have either been exhausted or shown to be ineffective in accommodating the needs of this case.[6]

When presented with motions for entry of a *Lone Pine* order in the *Digitek* and *Hagy* matters, this Court correctly counseled as follows:

> [w]hile *Lone Pine* orders have proven useful at times in complex litigation, . . . '[g]iven a choice between a *Lone Pine* order created under the court's inherent case management authority and available procedural devices such as summary judgment, motions to dismiss, motions for sanctions and similar rules, I believe it is more prudent to yield to the consistency and safeguards of the mandated rules.

*Hagy*, No. 2:10-cv-01372, at *6 (quoting *In re Digitek*, 264 F.R.D. at 259). The Court should reach the same conclusion in this case.

**5. The fifth factor weighs against entry of a *Lone Pine* order.**

As in other toxic tort cases that have come before the Court, "it is likely that substantial and highly contentious causation issues . . . .[r]egarding the types of injuries alleged and [their] causes . . . will arise collectively and individually as this action progresses." *In re Digitek*, 264 F.R.D. at 259. Because of that likelihood, "[i]t seems unwise to begin addressing causation issues, in a summary-judgment type fashion that defendants surely contemplate, at this somewhat early juncture when those issues might proliferate and become more complex as the case progresses." *Id.* Instead, and as the case develops, "*Daubert*

[6] "The claims here are not so extraordinary as to require the procedure of a *Lone Pine* order. Instead, Plaintiffs should be afforded an opportunity to engage in discovery in order to discover evidence that may support their claims." *Manning v. Arch Wood Prot., Inc.*, 40 F. Supp. 3d 861, 868 (E.D. Ky. 2014). "If at any point [Defendants] believe[] that specific discovery is overly burdensome, [they] may seek to limit the request as not proportional to the needs of the case. . . . Furthermore, if [Plaintiffs] cannot obtain evidence supporting [their] allegations that [their] exposure to specific substances . . . caused [their injuries], [Defendants] may move for summary judgment at that time. To require [Plaintiffs] to produce the requested evidence at this stage of the proceeding would run afoul of these established procedural mechanisms." *Marquez*, No. 17-cv-01153-CMA-MEH, at *8

hearings and motion *in limine* practice are available to challenge such evidence." *Marquez*, No. 17-cv-01153-CMA-MEH, at *8. *See Manning*, 40 F. Supp. 3d at 868 (holding the fifth factor weighed against entry of an order because "it is likely that causation will be highly contentious and involve much expert testimony."). Because the fifth factor weights against entry of a *Lone Pine* order, Defendants' Joint Motion should be denied.

## III. Conclusion

In this case, much like in *Digitek* and *Hagy*, "the defendants' claims of efficiency, elimination of frivolous claims and fairness [may] effectively [be] addressed using the existing and standard means" – the discovery mechanisms provided for in the Federal Rules of Civil Procedure. *Hagy*, No. 2:10-cv-01372, at *6. Each and every single one of the *Digitek* factors weighs against entry of a *Lone Pine* case management order at this stage of the litigation. Accordingly, Defendants' Joint Motion should be denied in its entirety.

**By counsel,**

/s/ David A. Sims
David A. Sims (WV Bar No. 5196)
**LAW OFFICES OF DAVID A. SIMS, PLLC**
Post Office Box 5349
Vienna, West Virginia 26105-5349
(304) 428-5291/ (304) 428-5293 (fax)
david.sims@mywvlawyer.com

**CERTIFICATE OF SERVICE**

I, David A. Sims, Esq., hereby certify that on the 16th day of August 2018, a true and correct copy of "**Plaintiffs' Response in Opposition to Defendants' Joint Motion for Entry of a *Lone Pine* Order**" was electronically filed and served via CM/ECF, which will provide service as follows:

Bradley K. Shafer, Esq.
Jason G. Wehrle, Esq.
Jennings L. Hart, III, Esq.
MINTZER SAROWITZ ZERIS LEDVA & MEYERS
Building V, Suite 5100
2605 Nicholson Road
Sewickley, Pennsylvania 15143
bshafer@defensecounsel.com
jwehrle@defensecounsel.com
jhart@defensecounsel.com

*Counsel for Surnaik Holdings of WV, LLC, a West Virginia limited liability company, Sirnaik, LLC, a West Virginia limited liability company, Polymer Alliance Services, LLC, a West Virginia limited liability company, Green Sustainable Solutions, LLC, a West Virginia limited liability company, Intercontinental Export Import, Inc., a Maryland corporation*

Michael B. Hissam, Esq.
Ryan McCune Donovan, Esq.
Isaac Ralston Forman, Esq.
Jonathan Zak Ritchie, Esq.
HISSAM FORMAN DONOVAN RITCHIE PLLC
Post Office Box 3983
Charleston, West Virginia 25339
mhissam@hfdrlaw.com
rdonovan@hfdrlaw.com
iforman@hfdrlaw.com
zritchie@hfdrlaw.com

*Counsel for Evergreen Transportation, LLC, a West Virginia limited liability company, Green Research Center, LLC, a West Virginia Limited liability company, Upendra Naik, Saurabh Naik, Rajiv Naik, Shraddha Naik, Surnaik Holdings of WV, LLC, a West Virginia limited liability company,*

*Sirnaik, LLC, a West Virginia limited liability company, Polymer Alliance Services, LLC, a West Virginian limited liability company, Green Sustainable Solutions, LLC, a West Virginia limited liability company, Intercontinental Export Import, Inc., a Maryland corporation*

Michael J. Farrell, Esq.
Bernard S. Vallejos, Esq.
FARRELL, WHITE & LEGG PLLC
914 Fifth Avenue
Post Office Box 6457
Huntington, West Virginia 25772-6457
mjf@farrell3.com
bsv@farrell3.com

*Counsel for Defendant SABIC Innovative Plastics US LLC*

Kathleen B. Campbell, Esq.
Stephen D. Daly, Esq.
Suzanne Ilene Schiller, Esq.
MANKO GOLD KATCHER & FOX
401 City Avenue, Suite 901
Bala Cynwyd, Pennsylvania 19004
kcampbell@mankogold.com
sdaly@mankogold.com
sschiller@mankogold.com

*Counsel for Defendant SABIC Innovative Plastics US LLC*

William R. Slicer, Esq.
SHUMAN, MCCUSKEY & SLICER, PLLC
1411 Virginia Street, East, Suite 200
Post Office Box 3953
Charleston, West Virginia 25339-3953
wslicer@shumanlaw.com

*Counsel for Defendant Kuraray America, Inc.*