IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY CALLIHAN, et al.,

          Plaintiffs,

v.                                  CIVIL ACTION NO. 2:17-cv-04386

SURNAIK HOLDINGS OF WV, LLC, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Before this Court is Defendant Kuraray America, Inc.'s ("Kuraray") motion to dismiss the gross negligence claim brought against it by Plaintiffs Timothy Callihan, Thomas Dent, Marcus Drake, John Jackson, Gloria Hall, Jan Drake Robinson, Thelma Barnett-Guinn, Doris Satterfield, and Wonetta Rose (collectively, "Plaintiffs"). (ECF No. 79.) Kuraray filed its motion on December 10, 2018. (*See id.*) Plaintiffs did not file a response. For the reasons explained herein, Kuraray's motion to dismiss, (ECF No. 79), is **GRANTED**.

This action arises out of a warehouse fire that occurred on October 21, 2017, in Parkersburg, West Virginia. (*See* ECF No. 29.) The facts of this case, as alleged in the operative complaint, are detailed at length in this Court's December 3, 2018 Memorandum Opinion and Order, (ECF No. 78), and need not be repeated here. Kuraray urges this Court to dismiss Plaintiffs' gross negligence claim against it because the complaint fails to allege a duty that Kuraray owed to Plaintiffs. (ECF No. 79 at 2.) In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2);

1

*see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). To withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A claim for gross negligence under West Virginia law requires the plaintiff to establish "a duty on the part of the [defendant] and a breach of such duty." *Acord v. Colane Co.*, 719 S.E.2d 761, 769 (W. Va. 2011) (quoting Syl. Pt. 2, *Atkinson v. Harman*, 158 S.E.2d 169 (1967)). Plaintiffs allege that Kuraray "produces hazardous specialty chemicals, fibers, and resins," which it "consigned" to Defendants Sirnaik Holdings of WV, LLC; Sirnaik, LLC; Polymer Alliance Services, LLC; Green Sustainable Solutions LLC; Intercontinental Export Import, Inc.; Evergreen Transportation, LLC; Green Research Center, LLC; Upendra Naik; Saurabh Naik; Rajiv Naik; and Shraddha Naik (collectively, "Surnaik Defendants") to store at their warehouse. (ECF No. 29 at 8, 13–14.) Plaintiffs further allege that Kuraray engaged in a joint venture with Surnaik Defendants to do so, "while knowing that [they] were not proper disposal agents" and "would not exercise due care in the storing or disposing of [hazardous] materials." (*Id.* at 10.) With respect to duty, Plaintiffs allege that Kuraray "did not provide instructions on how to safely store that materials it transferred." (*Id.* at 14.)

These allegations are similar to those Plaintiffs make against Defendant SABIC Innovative Plastics US LLC ("SABIC"). (*See* ECF No. 29.) This Court granted SABIC's motion to dismiss in its December 3, 2018 Memorandum Opinion and Order, (*see* ECF No. 78), and finds it

2

appropriate to grant Kuraray's motion to dismiss for the same reasons. That is, Plaintiffs have not pled facts to establish that Kuraray and Surnaik Defendants were engaged in a joint venture to operate the warehouse or that Kuraray did so independently. (*See id.* at 5–7.) In the absence of such facts, this Court is unable to conclude that Kuraray owed a duty to Plaintiffs to ensure proper storage of the materials it allegedly transferred to Surnaik Defendants. (*See* ECF No. 29.) Accordingly, Plaintiffs' gross negligence claim against Kuraray is **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    January 30, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE